JOEL R. MEYER (SBN 247620)
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-284-3880
Facsimile:  310-284-3894

ROBERT D. MACGILL (admitted *pro hac vice*)
MATTHEW B. BARR (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone: 317-236-1313
Facsimile:  317-231-7433

Attorneys for Defendant and Cross-Defendant
DOW ROOFING SYSTEMS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CAROL GAONA,<br><br>            Plaintiff,<br><br>vs.<br><br>J.C. PENNEY COMPANY, INC.; J.C. PENNEY CORPORATION, INC.; DOW ROOFING SYSTEMS, INC. fka and successor in interest to JPS ELASTOMERICS CORPORATION dba JPS ELASTOMERICS CORPORATION dba STEVENS ROOFING SYSTEMS; JOHNSON CONTROLS, INC.; and DOES 3 through 25, inclusive,<br><br>            Defendants.<br><br>ALL RELATED CROSS-ACTIONS | Case No.  2:14-CV-02051-TLN-DB<br><br>**DOW ROOFING SYSTEMS, LLC'S NOTICE OF MOTION AND MOTION FOR SPOLIATION SANCTIONS**<br><br>Date:    March 8, 2018<br>Time:   2:00 p.m.<br>Ctrm:   2, 15th Floor<br><br><br><br>Complaint Filed:   July 17, 2014<br>Removal:            September 4, 2014<br>Trial:               May 14, 2018<br><br>Judge:             Hon. Troy Nunley |

**TO THE HONORABLE COURT, PLAINTIFF, CO-DEFENDANTS, COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN** that on _____, 2018, at 2.00 p.m. or soon thereafter as counsel may be heard, by the above-titled Court, located on the 15th floor of the Robert T. Matsui United States Courthouse at 501 I Street, Sacramento, CA 95814, Defendant Dow Roofing Systems, LLC ("Dow Roofing") will and hereby does move the Court for sanctions to be imposed on Defendant J.C. Penney Company, Inc. ("JC Penney") and Johnson Controls, Inc. ("Johnson"), for their spoliation of evidence relevant to the above-captioned matter. More specifically, Dow Roofing maintains that JC Penney and Johnson were obligated to preserve all physical evidence from the incident at issue given (1) their immediate knowledge of personal injuries resulting from the incident, (2) their relative sophistication and corporate policies and procedures requiring preservation of such evidence, and (3) evidence establishing their anticipation of litigation after the incident, before any physical evidence was destroyed. Nevertheless, in derogation of their duties under the Federal Rules of Civil Procedure, JC Penney and Johnson directed for all physical evidence related to the incident at issue to be destroyed by their agents without notice to Dow Roofing, Plaintiff, or any other interested party to this action. Because the destruction of physical evidence under these circumstances unquestionably prejudices Dow Roofing from defending itself in this case, JC Penney and Johnson must be held to account for their spoliation of evidence through a preclusive order and/or a mandatory, rebuttable adverse jury instruction.

Dow Roofing therefore seeks the following relief:

1. An order from the Court precluding any party from arguing at trial that Dow Roofing's "TPO Membrane" installed at the roof of the Canopy (and destroyed by JC Penney and

1 Johnson), was a cause of the December 1, 2012 collapse of the canopy ceiling over the

2 South Entrance of the Roseville Galleria J.C. Penney store; and

3 2. Additionally or in the alternative, Dow Roofing will and hereby does move the Court to

4 issue a mandatory, rebuttable presumption in favor of Dow Roofing, requiring the jury

5 to assume that if the ceiling and roof materials had been preserved, and if an inspection

6 of the same had been done, they would show the Dow Roofing TPO membrane did not

7 cause the collapse.

8 This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of

9 Points and Authorities, supporting declaration, all pleadings and papers on file in this action, and upon

10 such other matters as may be presented to the Court at the time of the

11 hearing.

**BARNES & THORNBURG LLP**

Dated:  February 2, 2017

By: /s/ Joel R. Meyer
Joel R. Meyer
Attorneys for Defendant and Cross-Defendant
DOW ROOFING SYSTEMS, LLC

DMS 11527478v1